UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHANTI BRYANT LOCKETT,

        Plaintiff,

                              CIVIL NO. 2:12-CV-15365
v.                              HONORABLE SEAN F. COX
                              UNITED STATES DISTRICT COURT

KIM WORTHY, *et al.*,

        Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. Introduction**

Plaintiff Ashanti Bryant Lockett, ("Plaintiff"), presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint shall be **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**II. Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2)(B).

1

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir.2001).

### III. Complaint

Plaintiff was convicted by a jury in the Wayne County Circuit Court of first-degree criminal sexual conduct, Mich. Comp. Laws, § 750.520b(1)(c); accosting a minor for immoral purposes,

2

Mich. Comp. Laws, § 750.145; and being a fourth felony habitual offender. Mich. Comp. Laws, § 769.12. [1] Plaintiff's first-degree criminal sexual conduct charge was based on a theory that he had engaged in sexual intercourse with a seventeen year old woman while committing a felony, disseminating sexually explicit matter to a minor, by engaging in this sexual activity in plain view of a twelve year old girl. The Michigan Court of Appeals reversed plaintiff's first-degree criminal sexual conduct conviction, and remanded the case to the trial court for entry of a conviction on the lesser included offense of disseminating sexually explicit matter to a minor, Mich. Comp. Laws, § 722.675(b). The court affirmed plaintiff's conviction for accosting a minor for immoral purposes. *People v. Lockett*, 295 Mich. App. 165, 170-71; 814 N.W. 2d 295 (2012); *lv. den.* 820 N.W. 2d 506 (2012). In reversing plaintiff's first-degree criminal sexual conduct conviction, the Michigan Court of Appeals held that plaintiff could not be convicted of first-degree criminal sexual conduct based on a sexual penetration occurring under circumstances involving another felony, because the "victim" of the sexual penetration was not impacted by the circumstances of the underlying felony of disseminating sexually explicit matter to a minor, and the twelve year old girl who was the minor was not the "victim" of the sexual penetration, even though the "explicit matter" would not have been disseminated to her without the sexual penetration of the seventeen year old woman. *Id.,* at 174-180. The Michigan Court of Appeals, however, ruled that there was sufficient evidence for a rational trier of fact to conclude that plaintiff had committed the underlying felony of disseminating sexually explicit matter to a minor and remanded the case to the trial court for entry of a conviction on the lesser included offense of disseminating sexually explicit matter to a minor. *Id.,* at pp. 180-82.

---

[1] Plaintiff was tried jointly with his co-defendant Tadarius Rashard Johnson but with separate juries.

Plaintiff claims that the defendants, Wayne County Prosecutor Kym Worthy [2] and Assistant Wayne County Prosecutor Michael T. Woodyard denied him his 14th Amendment right to due process of law and his Eigth Amendment right to be free from cruel and unusual punishment by charging him with first-degree criminal sexual conduct. Plaintiff seeks monetary damages.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Although plaintiff's original first-degree criminal sexual conduct charge was reversed on appeal, the Michigan Court of Appeals remanded plaintiff's case back to the Wayne County Circuit Court for entry of a conviction of the lesser included offense of disseminating sexually explicit matter to a minor arising from the same facts as the original first-degree criminal sexual conduct conviction. Plaintiff's conviction on the lesser included offense of disseminating sexually explicit matter to a minor precludes him from maintaining a § 1983 action against the defendants, because his complaint would call into question the validity of that conviction. *See Barnes v. Wright,* 449 F. 3d 709, 716-17 (6th Cir. 2006).

Secondly, the decisions by defendants Kym Worthy and Michael T. Woodyard to prosecute

---

[2] Plaintiff has misspelled Ms. Worthy's first name as "Kim" in his complaint.

plaintiff, their advocacy in court, and their decisions regarding the disposition of plaintiff's case are all part of their roles as advocates for which they are entitled to absolute prosecutorial immunity.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F. 2d 1135, 1138 (6th Cir. 1989).

In the present case, defendants Kym Worthy and Michael Woodyard are absolutely immune from liability for their decision to charge plaintiff with first-degree criminal sexual conduct. The mere fact that plaintiff's first-degree criminal sexual conduct conviction was reversed on appeal would not create an exception to the prosecutorial immunity rule. *See Ziegler v. Michigan,* 59 Fed. Appx. 622, 623-624 (6th Cir. 2003)(prosecutor was entitled to absolute immunity, on prisoner's §

1983 civil rights claims, for charging prisoner with assaulting prison employee and resisting and obstructing an officer, although prisoner's conviction was later reversed on the ground that the trial court judge had not adequately discussed the ramifications of self-representation with prisoner).

## V. ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A) **FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Dated:  January 7, 2013                               s/ Sean F. Cox
                                                                     Sean F. Cox
                                                                     U. S. District Court Judge

I hereby certify that on January 7, 2013, the foregoing document was served upon counsel of record by electronic means and upon Ashanti Lockett by First Class Mail at the address below:

Ashanti Lockett
256943
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, Mi 48880

Dated:  January 7, 2013                               s/ J. McCoy
                                                                     Case Manager