UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHANTI BRYANT LOCKETT,

          Plaintiff,

                                      CIVIL NO. 2:12-CV-15365
v.                                       HONORABLE SEAN F. COX
                                       UNITED STATES DISTRICT COURT

KIM WORTHY, et. Al.,

          Defendants,
_____/

**OPINION AND ORDER DENYING AS MOOT THE MOTION FOR CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

      This Court summarily dismissed plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 on the ground that plaintiff had failed to state a claim upon which relief could be granted. *Lockett v. Worthy*, No. 12-CV-15365; 2013 WL 82678 (E.D. Mich. January 7, 2013). On February 6, 2013, plaintiff filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. Plaintiff has also filed a motion for a certificate of appealability and a motion to proceed *in forma pauperis* on appeal. For the reasons that follow, the motion for a certificate of appealability is DENIED AS MOOT. The Court will further order that plaintiff's motion to proceed *in forma pauperis* on appeal be transferred to the United States Court of Appeals for the Sixth Circuit.

      The Court will deny plaintiff's motion for a certificate of appealability as moot. It is unnecessary for plaintiff to obtain a certificate of appealability before appealing the dismissal of a civil rights action brought pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P.

1

22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. Because plaintiff's case was filed as a civil rights action under 42 U.S.C. § 1983, and not as a petition for writ of habeas corpus, plaintiff does not need to obtain a certificate of appealability prior to appealing this Court's decision. *See Johnson v. CCA-Northeast Ohio Correctional Center Warden,* 21 Fed. App'x. 330, 332 (6th Cir. 2001)(unpublished).

The Court will also order the Clerk of the Court to transfer plaintiff's motion to proceed *in forma pauperis* on appeal to the Sixth Circuit. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Plaintiff's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit upon the filing of the notice of appeal, plaintiff's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.

**IT IS HEREBY ORDERED** that plaintiff's motion for a certificate of appealability [Dkt. # 6] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer plaintiff's "Motion to Proceed *In Forma Pauperis* on Appeal [Dkt. # 9] to the United States Court of Appeals for the Sixth

2

Circuit pursuant to 28 U.S.C. § 1631.


Dated:  March 6, 2013                               S/ Sean F. Cox                    
                                                                    Sean F. Cox
                                                                     U. S. District Court Judge


I hereby certify that on March 6, 2013, the foregoing document was served upon counsel of record by electronic means and upon Ashanti Lockett by First Class Mail at the address below:

Ashanti Lockett
256943
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880


Dated:  March 6, 2013                               S/ J. McCoy              
                                                                      Case Manager